**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

WILLIAM F. CARADINE/ASSABUR,　　　　　　　　　　　　　　　　　　　　PLAINTIFF
ADC #90785

v.　　　　　　　　　　　　　No. 4:10CV01960 JLH

UNIVERSITY OF ARKANSAS FOR
MEDICAL SCIENCES, *et al*.　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

**ORDER**

　　　　William F. Caradine/Assabur has brought this action against the University of Arkansas for Medical Sciences and unnamed nurses and physicians alleging that the treatment that his mother received at that institution between 1993 and 1998 resulted in her death in 1998. Caradine/Assabur is an inmate at the Arkansas Department of Correction, and he has filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915(e)(2)(B) provides that the Court shall dismiss the case at any time if the Court determines that the action is frivolous or malicious or if it fails to state a claim upon which relief may be granted. Section 1915A of Title 28 of the United States Code provides that the Court is to screen prisoner complaints seeking relief against governmental entities, officers, or employees and must dismiss the complaint if the prisoner has raised claims that are legally insufficient, frivolous, or malicious or fail to state a claim upon which relief may be granted.

　　　　The claims brought by Caradine/Assabur are legally insufficient and frivolous for three reasons. First, there is no factual allegation that would give this Court jurisdiction over the claims. Caradine/Assabur does not allege that he is a citizen of a state other than Arkansas, so the Court lacks diversity jurisdiction under 28 U.S.C. § 1332. Nor does he allege any basis for concluding that

the action is brought under the constitution, laws, or treaties of the United States, so he has not alleged anything that would give the Court federal question jurisdiction under 28 U.S.C. § 1331. It appears that his complaint alleges medical malpractice, which is a claim that arises under the laws of the State of Arkansas, not a claim that arises under federal law.

Secondly, Caradine/Assabur lacks standing. Under Arkansas law, Caradine/Assabur's claim would either be a wrongful death claim or a survival action. A survival action must be brought pursuant to section 16-62-101 of the Arkansas Code and by the executor or administrator of the estate of the deceased person. *Hubbard v. Nat'l Healthcare of Pocahontas, Inc.*, 371 Ark. 444, 447, 267 S.W.3d 573, 575 (2007). In *St. Paul Mercury Insurance Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 204, 72 S.W.3d 584, 588 (2002), the court held that a *pro se* complaint filed by a person who was not the administrator of the estate of the deceased person was not properly brought as a survival action, and the *pro se* complaint was a nullity. Arkansas law also provides for wrongful death actions in Arkansas Code section 16-62-102. Such an action must be brought by the personal representative of the deceased person or, if there is no personal representative, by the heirs at law. Ark. Code Ann. § 16-62-102(b) (2010). Caradine/Assabur does not allege that he has been appointed as the personal representative for his deceased mother. If no personal representative has been appointed, a wrongful death suit must be filed with all of the heirs at law of the deceased person joined as parties to the suit. *Hubbard*, 371 Ark. at 448, 267 S.W.3d at 575. Caradine/Assabur does not allege that all of the heirs at law have joined in the action. Indeed, unless he is the only heir at law of his deceased mother, it is obvious that not all of the heirs have joined.

Finally, the claims that Caradine/Assabur wishes to bring are legally insufficient and frivolous because they are barred by the period of limitations. Under Arkansas law as it existed in

1998, the wrongful death statute provided for a period of limitations that required an action to be brought within three years after the death of the person alleged to have been wrongfully killed. Ark. Code Ann. § 16-62-102(c) (1997). At that time, a cause of action for the estate under the survival statute had to be brought within three years after the cause of action accrued. Ark. Code Ann. § 16-56-105; s*ee Hicks v. Missouri Pac. R.R. Co.*, 181 F. Supp. 648 (W.D. Ark. 1960).[1]

For all of these reasons, the complaint fails to state a claim upon which relief can be granted. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this action is dismissed without prejudice because the Court lacks subject matter jurisdiction. The complaint fails to state a claim upon which relief may be granted. Dismissal of this action will constitute a "strike" as defined by 28 U.S.C. § 1915(g). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

IT IS SO ORDERED this 4th day of January, 2011.

*/s/ J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] In 1979, the General Assembly enacted the Medical Malpractice Act, which requires that all actions for medical injury be brought within two years after the date of the wrongful act. Ark. Code Ann. § 16-114-203; *see St. Paul Mercury Ins. Co.*, 348 Ark. at 203, 73 S.W.3d at 587-88 ("The medical malpractice act applies to all causes of action for medical injury arising after April 2, 1979, including wrongful-death and survival actions arising from the death of a patient.")